UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:
10-CIV-22744-MORENO/TORRES

SR SOUTH BEACH ONE, LLC, a New York Limited Liability Company,

       Plaintiff,

  v.

CITY NATIONAL BANK OF FLORIDA, a national banking association, as Trustee under that certain Land Trust Agreement dated September 28, 2004 and known as Trust Number 2401-1772-00, CSC TRAYMORE, LLC, a Delaware limited liability company, WAVE TRAYMORE L.L.C., an inactive Florida limited liability company, PILGRIM MORTGAGE CORPORATION, a Delaware corporation, PROBUILD EAST LLC, an inactive Delaware limited liability company, CHOBE INVESTMENTS, INC., a Florida corporation, STEARNS AND ROBERTS, P.A., a Florida corporation, FINE LINE MECHANICAL, INC., a Florida corporation, EAGLE METAL FABRICATORS, INC., a Florida corporation, JOHN R. ELWELL CONSTRUCTION CO., INC., a Florida corporation, LESLIE SCHLESINGER, individually, JASON SCHLESINGER, individually, ADAM SCHLESINGER, individually, and LCS INCOME TRUST,

       Defendants.
_____/

## MOTION IN LIMINE REGARDING RULE 26 DISCLOSURES

Pursuant to Fed. R. Civ. P. 37(c)(1) and this Court's Order Amending Scheduling Order and Setting Trial Date **[ECF. No. 64]**, Plaintiff SR South Beach One, LLC ("SR South Beach") moves, *in limine*, to exclude any evidence, information, or witness not disclosed by the

Defendants[1] pursuant to Fed. R. Civ. P. 26, and any affirmative defenses and counterclaims that were not asserted as of the date of this motion or that are based upon evidence or information that should have been disclosed pursuant Fed. R. Civ. P. 26.  As set forth below, only one Defendant John R. Elwell Construction Co., Inc. ("Elwell") has made disclosures that comply with Fed. R. Civ. P. 26.  With the exception of ProBuild East LLC ("ProBuild") who disclosed a handful of documents, the remaining Defendants have not made any disclosures whatsoever.  Accordingly, pursuant to Rule 26 and applicable law, the Defendants' trial evidence, defenses, and claims should be limited to those which have been timely asserted and disclosed.

## BACKGROUND FACTS

The facts germane to this motion are simple.  This case is currently set for the Court's two-week trial period beginning April 11, 2011.  **[ECF No. 64]**.  To date, the only parties to provide disclosures pursuant to Rule 26 have been SR South Beach and Elwell.[2]  As noted, ProBuild has only provided a limited set of documents pursuant to Rule 26(a)(ii), but has not otherwise made complete Rule 26(a)(ii) disclosures.  The remaining Defendants who have not defaulted--City National Bank, CSC Traymore, LLC, Leslie Schlesinger, Jason Schlesinger, Adam Schlesinger, and LCS Income Trust (collectively, the "Borrower Group")--**have failed to provide any disclosures**.

## LAW AND ARGUMENT

The relevant law and analysis applicable here is equally simple:

---

[1] For purposes of this motion, the "Defendants" shall include City National Bank, CSC Traymore, LLC, Leslie Schlesinger, Jason Schlesinger, Adam Schlesinger, LCS Income Trust, John R. Elwell Construction Co. ("Elwell"), Inc., and ProBuild East, LLC ("Probuild").  All other defendants, with the exception of  G. Foster Contracting, have been defaulted. **[ECF No. 135]**.

[2] Although ProBuild did not provide formal Rule 26 Disclosures, it did produce a limited set of documents pursuant to Rule 26(a)(ii).

> Rule 37(c)(1) provides that '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use [the] information of the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.' As a result, '[i]t is well settled that Fed. R. Civ. P. 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26 [by excluding the pertinent evidence], unless the violation was harmless or substantially justified.'

*Young v. Lexington Ins. Co.*, 269 F.R.D. 692 (S.D. Fla. 2010). Many courts have referred to this rule as "self-executing" and "mandatory" absent a showing that the failure to disclose was "substantially justified" or harmless. *See id*. "Substantial justification is 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Hewitt v. Liberty Mutual Group, Inc.*, 268 F.R.D. 681, 682-83 (M.D. Fla. 2010) (citation omitted). Similarly, a failure to timely disclose is only harmless "when there is no prejudice to the party entitled to receive the disclosure." *See id* (citation omitted).

Given ProBuild's and Borrower Group's failure to comply with Rule 26 and make initial disclosures, exclusion from use at trial of any evidence, information, witnesses, claims, or defenses that should have been disclosed therein is mandatory. *Id*. Unasserted defenses and claims should be barred from being introduced at trial for the additional reasons that the deadline to amend pleadings to assert affirmative defenses, counterclaims, or crossclaims has long since passed and trial is just over two months away. Allowing previously undisclosed evidence, claims, and defenses to be advanced and admitted into evidence at trial would be the sort of unfairly prejudicial, trial-by-ambush that the Federal Rules of Civil Procedure were promulgated to eradicate.

There is no legitimate (much less substantial) justification for the Defendants failure to comply with the disclosure rules. The Borrower Group might attempt to argue that they do not have to comply because they filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction **[ECF No. 112]** ("Motion to Dismiss"). In addition to the lack of merit to the Motion to Dismiss itself, the Court has already rejected the argument that the pending Motion to Dismiss should stay the Court ordered mediation deadline **[ECF. No. 120]**. Further, Section I.D(5) of the Southern District of Florida's Discovery Practices Handbook, specifically notes that "[n]ormally, the pendency of a motion to dismiss or motion for summary judgment will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion." The Defendants have made no request for relief from the mandatory Rule 26 disclosure requirements, which might have excused their omission. Also, when the Rule 26 Disclosures were due, there was no motion to dismiss pending; rather, the Borrower Group was simply in default of the Second Amended Complaint. Stated simply, the Borrower Group has unilaterally decided that it need not comply with its Rule 26 obligations. The same can be said for ProBuild to the extent it has not complied.

Finally, it cannot be said that ProBuild's and Borrower Group's failure to disclose is harmless. Given the looming trial date, any evidence, information, witness to be used by ProBuild and Borrower Group, and any defenses/counterclaims that have either not already asserted, or that would be based upon the disclosures if they were made, would come as a complete surprise to SR South Beach. Little analysis is needed to establish the unfair prejudice that would arise from such tactics.

## CONCLUSION

For the reasons stated above, the Court should exclude any evidence, information, or witness not disclosed by the Defendants pursuant to Fed. R. Civ. P. 26, and any affirmative

defenses and counterclaims that were not asserted as of the date of this motion or that are based upon evidence or information that should have been disclosed pursuant Fed. R. Civ. P. 26.

WHEREFORE, Plaintiff respectfully requests that this Court grant its Motion in Limine and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY (US) LLP
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131-2398
Tel.: (305) 577-7000
Fax: (305) 577-7001

By: /s/ *Jason Daniel Joffe*
Alvin B. Davis
Florida Bar No. 218073
adavis@ssd.com
Andrew Russell Kruppa
Florida Bar No. 63958
akruppa@ssd.com
Jason Daniel Joffe
Florida Bar No. 0013564
jjoffe@ssd.com
*Counsel for Plaintiff SR South Beach One, LLC*

## CERTIFICATE OF SERVICE

I Hereby Certify that on February 10, 2011, I electronically filed the foregoing with the Clerk of the Court. I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Jason Daniel Joffe*
Jason Daniel Joffe

## SERVICE LIST

Brian K. Hole
HOLLAND & KNIGHT
515 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 468-7910
Fax: (954) 463-2030
brian.hole@hklaw.com
**Counsel for OSM REO Traymore, LLC**
*Via ECF Filing*

Mark. F. Bideau, Esq.
Patrick Glenn Dempsey, Esq.
Greenberg Traurig, P.A.
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Ph. (561) 650-7900
Fax (561) 655-6222
bideaum@gtlaw.com
dempseyp@gtlaw.com
**Counsel for City National Bank of Florida, CSC Traymore, LLC, Leslie Schlesinger, Adam Schlesinger, Jason Schlesinger and LCS Income Trust**
*Via ECF Filing*

Lee A. Weintraub, Esq.
Becker & Poliakoff, P.A.
Emerald Lake Corporate Park
3111 Stirling Road
Fort Lauderdale, FL 33312
Ph. (954) 985-4147
Fax (954) 985-4176

- 7 -

Email: lweintraub@becker-poliakoff.com
**Counsel for John R. Elwell Construction Co., Inc.**
*Via ECF Filing*

David M. Hawthorne, Esq.
Akerman Senterfitt & Eidson
Las Olas Centre
350 E Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-0006
954-759-8930
Fax: 463-2224
Email: david.hawthorne@akerman.com
**Counsel for Probuild East LLC**
*Via ECF Filing*

Pilgrim Mortgage Corporation
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301
*Via U.S. Mail*

Chobe Investments, Inc.
c/o Michael A. Wood, Registered Agent
2411 SW 58th Way
West Park, FL 33023
*Via U.S. Mail*

Stearns and Roberts, P.A.
c/o Michael E. Stearns, Registered Agent
1000 Sawgrass Corp. Pkwy., Suite 552
Fort Lauderdale, FL 33323
*Via U.S. Mail*

Fine Line Mechanical, Inc.
Joseph D. Hummel, its Registered Agent
3071 N. Dixie Highway
Pompano Beach, FL 33064
*Via U.S. Mail*

Eagle Metal Fabricators, Inc.
c/o Thomas P. McDonough, Registered Agent
4300 SW 59th Avenue
Fort Lauderdale, FL 33314
*Via U.S. Mail*

G. Foster Contracting, Inc.
c/o Gary Foster, its Registered Agent
2200 S. Ocean Lane
Fort Lauderdale, FL 33316
*Via U.S. Mail*

MIAMI/4263673.5